UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD BRADSHAW, <br> PATRICIA BRADSHAW, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF INDIANA DEPARTMENT OF REVENUE, EXPERIAN, TRANSUNION, EQUIFAX, DELAWARE COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendants. | Case No. 1:17-cv-00754-WTL-MPB |

**Entry Dismissing Amended Complaint and Directing Entry of Final Judgment**

**I.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Pro se complaints such as that filed by the plaintiffs are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

The plaintiffs' original complaint alleging state law claims was dismissed for lack of jurisdiction and the plaintiffs were given an opportunity to file an amended complaint.

In the amended complaint, plaintiffs Donald Bradshaw and Patricia Bradshaw once again sue the State of Indiana Department of Revenue, Experian, Transunion, Equifax, and the Delaware County Sheriff's Department. Their claims are purportedly brought pursuant to 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The amended complaint alleges that the defendants have violated their unalienable rights to life, liberty, and happiness. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 93 (2009) (citing Declaration of Independence ¶ 2 (holding it self-evident that "all men are ... endowed by their Creator with certain unalienable Rights," among which are "Life, Liberty, and the pursuit of Happiness")).

No factual allegations have been alleged which suggest that the defendants took any specific action against the plaintiff in violation of the plaintiffs' federally secured rights. The amended complaint states:

> C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
>
> All defendance has harmed us.
>
> Everyone has seen what has happen and No one does anything to correft their mistakes.
> Not even INDIANA attorney general

In other words, the amended complaint lacks facial plausibility because there is no factual content upon which the court can draw a reasonable inference that any defendant is liable for any misconduct. Accordingly, the amended complaint must be dismissed because it fails to allege that the plaintiffs were deprived of a federally secured right by a state actor as required to state a claim under § 1983.

### III.

The amended complaint fails to state a claim upon which relief can be granted and is dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/26/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DONALD BRADSHAW
6771 N. County Road 600 W
Gaston, IN 47342

PATRICIA BRADSHAW
6771 N. County Road 600 West
Gaston, IN 47342